

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
03/20/2017

| | | |
|---|---|---|
| IN RE | § § § | |
| PATRICK COX, | § § | CASE NO. 16-32363-H5-11 |
| Debtor, | § § § | |
| PATRICK COX, | § § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. NO. 16-3194 |
| KELLY M. CRAWFORD, AS RECEIVER, | § § § | |
| Defendant. | § § § | |

## ORDER

Before the court are Defendant Kelly M. Crawford, as Receiver's Motion for Summary Judgment (Docket No. 12) and Plaintiff's Motion for Summary Judgment (Docket No. 23). The State of Texas obtained a judgment against Debtor Patrick Cox in state court. The state court

P:\cox.20170315.wpd

appointed Kelly M. Crawford as receiver for all of Debtor's nonexempt assets. Crawford disbursed funds to himself, and also to the State. The judgment in favor of the State against Debtor was reversed on appeal. In this adversary proceeding, Debtor seeks recovery of funds Crawford paid to himself from the receivership estate as commission and expenses of the receivership estate.

Crawford moves for summary judgment on grounds of judicial immunity, waiver, and res judicata. Debtor seeks summary judgment determining that the state court's judgment against Debtor was void *ab initio,* by reason of its reversal, and thus the funds paid to the receiver were funds that belonged in equity to Debtor, or were a fraudulent transfer avoidable under Texas law and Section 544 of the Bankruptcy Code. The Court grants Crawford's motion for summary judgment, and denies the relief sought by Debtor.

## I. State Court Proceedings

The facts are not in dispute. Debtor was the owner of the Taxmasters entities. On May 13, 2010, the State of Texas sued Debtor and the

Taxmasters entities in the 200th Judicial District Court of Travis County, Texas under the Texas Deceptive Trade Practices Consumer Protection Act. On June 5, 2012, the trial court entered judgment against Debtor in the amount of $46,187,434.70. Debtor appealed the judgment against him to the Texas Court of Appeals.

On January 4, 2013, the trial court entered an order appointing Crawford as receiver and directing turnover to Crawford of all of Debtor's nonexempt property. The receivership order was modified on February 14, 2013.[1]

Crawford collected $830,756 from Debtor's assets. He returned $50,816 to Debtor, and $496 to one of the Taxmasters entities. He disbursed $186,736 as his fee to his law firm, and reimbursed the law firm in the amount of $32,502 for expenses incurred. He turned over the remaining $560,207 to the Chapter 7 trustee for Taxmasters, Inc., at the direction of the State of Texas.

---

[1] The modification of the order does not address any of the matters at issue in this adversary proceeding.

On July 1, 2014, the Texas Court of Appeals reversed the June 5, 2012 judgment in favor of the State of Texas against Debtor. The opinion of the Texas Court of Appeals held that there was no evidence to support the State's claim against Debtor. The Texas Court of Appeals did not hold that the trial court lacked jurisdiction to enter the judgment against Debtor. The Texas Supreme Court denied review of the opinion of the Texas Court of Appeals.

## II. Judicial Immunity Bars Recovery from the Receiver

Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and are within the scope of the authority granted to the receiver. *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995).

Debtor asserts that Crawford acted outside his authority because the underlying judgment against Debtor was ultimately reversed. Debtor cites Black's Law Dictionary's definition of "void judgment" for the proposition that the judgment was void from its inception because it was reversed.

Debtor cites no authority directly on point for the proposition that reversal renders the acts of a receiver outside the scope of the authority granted to the receiver.

In determining whether an act was clearly outside a judge's jurisdiction for judicial immunity purposes, the focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case. *Bradt v West*, 892 S.W.2d 56 (Tex. App.--Houston [1st Dist.] 1994), *citing Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

The trial court had jurisdiction to enter the judgment against Debtor, and to order the appointment of a receiver. The Court concludes that the trial judge's derived judicial immunity bars suit against Crawford.

Signed this 20 day of March, 2017 at Houston, Texas.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE